IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00510-REB-CBS

COMPREHENSIVE ADDICTION TREATMENT CENTER, INC.,
a Colorado corporation, and
PAMELA MANUELE,

    Plaintiffs,

v.

DARIA LESLEA,
individually, and in her official capacity as Controlled Substance Administrative,
Division of Behavioral Health f/k/a Alcohol and Drug Abuse Division,
Colorado Department of Human Services,
JANET WOOD,
individually, and in her official capacity as Director, Division of Behavioral Health
f/k/a Alcohol and Drug Abuse Division, Colorado Department of Human Services,
MARY McCANN,
individually, and in her official capacity as Clinical Director, Division of Behavioral Health
f/k/a Alcohol and Drug Abuse Division, Colorado Department of Human Services,
KAREN BEYE,
individually, and in her official capacity as Executive Director, Colorado Department of Human
Services,
JOSCELYN GAY,
individually, and in her official capacity as Deputy Executive Director,
Office of Behavioral Health, Colorado Department of Human Services,
KAREN MOONEY,
individually, and in her official capacity as Treatment Field Manager,
Division of Behavioral Health f/k/a Alcohol and Drug Abuse Division, Colorado
Department of Human Services, and
THE COLORADO DEPARTMENT OF HUMAN SERVICES,
DEPARTMENT OF BEHAVIORAL HEALTH,

    Defendants.

## PROTECTIVE ORDER

    Pursuant to the Parties' Stipulated Motion for Issuance of Protective Order and Rule

26(c) of the Federal Rules of Civil Procedure, the Court finds that good cause exists to support

the entry of a Protective Order to protect the discovery and dissemination of confidential information, personal information or information which could annoy, embarrass, or oppress any party, witness or person in this case.

The Court finds that this Protective Order will expedite disclosure of information and production of documents protected by privilege or statute, preserve the confidentiality of such information, protect privacy interests of parties and non-parties, and help to avoid potential discovery disputes relating to information that is designated confidential.

IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admissions, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided Fed. R. Civ. P. 34 (a). A draft of non-identical copy is a separate copy within the meaning of this term.

3. Confidential information shall not be disclosed or used for any purpose except as set forth in Paragraph 6.

4. Information may not be designated "Confidential" unless an attorney designates information as "Confidential" after a review of the information and based upon a good faith belief that it is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

5. One who provides, serves, discloses or files any nonpublic documents or information in connection with this civil action, and who in good faith believes such documents or information contains nonpublic personal, personnel, employment, private, medical, law enforcement, or other information implicating privacy interests or proprietary interests of either

the Plaintiff or the Defendants may designate such documents or information in good faith as "Confidential." The documents or information so designated shall be deemed "Confidential Material" subject to this Protective Order.

6. Confidential Material shall be subject to the following restrictions. Confidential Material shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except as specified in this paragraph:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or other proceedings in this case;

(c) the parties, representatives of the Colorado Department of Human Services, and representatives of Comprehensive Addiction Treatment Services, Inc.;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

(e) the Court and its employees ("Court Personnel"), including stenographic reporters, and persons operating video recording equipment at depositions in the case;

(f) deponents who execute the attached Exhibit A;

(g) persons retained by the parties or their attorneys to assist in the prosecution or defense of the Case (including third-party vendors and their employees retained by the parties or counsel who are involved in one or more aspects of copying, imaging,

reorganizing, filing, coding, converting, storing, or retrieving data); and

    (h) other persons by prior written agreement of the parties who execute the attached Exhibit A.

  7. No Confidential Material shall be disclosed to anyone other than the named parties in this litigation or their counsel until said person first signs an agreement with respect to the confidentiality of such information in the form attached hereto as Exhibit A. Prior to disclosing any Confidential Material to any person listed in paragraph 6 above (other than counsel, persons employed by counsel, Court Personnel and stenographic reports), counsel shall provide such person with a copy of the Protective Order and have such person execute a copy of Exhibit A acknowledging that he or she has read this Protective Order and agreed to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

  8. This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for trial; however, any re-disclosure or communication of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation only, is strictly prohibited. The object of this Protective Order is that none of the information revealed in connection with such protections be used for any purpose other than in relation to this litigation and that no one be allowed to use any information produced pursuant to this Protective Order for their own purposes or in connection with any other issue, dispute, litigation or charge against any of the parties whether currently pending or contemplated in the future.

  9. No reproduction of information disclosed in reliance on this Protective Order is authorized, except to the extent copies are required to prepare the case for trial. All copies,

excerpts, or summaries made, shown, or given to those authorized hereby and according to the provisions hereof shall be stamped to indicate the protected and confidential nature of the disclosed information.  Review of Confidential Material by counsel, experts, or consultants for the litigation will not constitute any waiver of the confidentiality of the document or any objections to production.  The inadvertent, unintentional, or *in camera* disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality, or waiver of the attorney-client privilege, the work product doctrine, or any other privilege or similar doctrine.

      10.     Counsel to the parties are required to advise, instruct and supervise all associates, staff and employees of counsel to keep designated Confidential Material confidential in the strictest possible fashion.  Counsel and the Parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this Protective Order and the limitations on its use and disclosure.

      11.     Documents are designated as Confidential Material by placing or affixing on them (in a manner that will not interfere with their legibility) the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," on each page of such document.

      12.     Whenever a deposition involves the disclosure of Confidential Material, the deposition or portions thereof shall be designated as Confidential and subject to this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.  The cover page and

those portions of the original transcripts that contain Confidential Material shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and shall be bound separately from the non-confidential portions of the transcript. Any deposition exhibits designated Confidential shall also be bound separately.

13. A party may object to the designation of particular documents as Confidential by giving written notice to the party designating the disputed information. The written notice shall identify the information to which objection is made. The parties will make a good faith effort to resolve the objection. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Material to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed within the ten (10) business days required above, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with any motion filed under this provision, the party designating the information as Confidential Material shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

14. After the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof designated as Confidential Material shall be returned to the party that designated the material as Confidential, or the parties may elect to destroy Confidential documents. Where the parties agree to destroy Confidential documents, the

destroying party shall provide all parties with an affidavit confirming the destruction.

15. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.Colo.LCivR 7.2 under seal with the following statement typed conspicuously thereon: "Contains Confidential Information Subject to Protective Order." Any pleadings, motions or briefs filed by the parties that either quote or discuss the contents of information designated as Confidential Information shall also be filed under seal. All Confidential Material so filed with the Court shall be maintained by the Clerk of the Court under seal and shall be released only upon further Order of the Court.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

17. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of confidential documents or information sought.

DATED at Denver, Colorado, this 8th day of June, 2010.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

# EXHIBIT A
## PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT

   I, _____, the undersigned, under penalty of perjury pursuant to 28 U.S.C. § 1746, hereby acknowledge that I have read the Protective Order issued by the Court in the above captioned civil action and I understand the terms and conditions of such Protective Order governing the restricted use of information and materials obtained from the Parties and provided to me for the sole purposes of the above captioned action, and hereby agree to keep all such information and materials strictly and absolutely confidential, and in all other respects to be bound by the terms of the Protective Order.

   Dated this ___ day of _____, 20__.